**Lisa M. JOHNSON, Plaintiff–Appellant,**

v.

**SCHOOL DISTRICT NO. 1 IN THE COUNTY OF DENVER AND State of COLORADO; Board of Education of School District No. 1 in the County of Denver and State of Colorado, Defendants–Appellees.**

No. 14–1410.

United States Court of Appeals, Tenth Circuit.

Oct. 26, 2015.

tion continuously from November 2011 to his federal sentence.

Bradley C. Bartels, Brooke M. Copass, Sharyn E. Dreyer, Kris A. Gomez, Colorado Education Association, Denver, CO, Eric A. Harrington, Alice O'Brien, Derrick Ryan Ward, National Education Association Office of General Counsel, Washington, DC, for Plaintiff–Appellant.

Michael Brent Case, Mary Barham Gray, Holly E. Ortiz, Semple, Farrington & Everall, Denver, CO, for Defendants–Appellees.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive val-

Before LUCERO, MATHESON, and PHILLIPS, Circuit Judges.

## ORDER CERTIFYING QUESTIONS TO COLORADO SUPREME COURT *

CARLOS F. LUCERO, Circuit Judge.

Because the disposition of this appeal turns on important and unsettled questions of Colorado law, we respectfully request the Colorado Supreme Court exercise its discretion to accept the following certified questions in accordance with Tenth Circuit Rule 27.1 and Colorado Appellate Rule 21.1:

(1) Do the provisions of Colo.Rev.Stat. § 22–63–202(2)(c.5) apply to all nonprobationary teachers who are not employed in a "mutual consent" placement, or does subsection (c.5) govern only those nonprobationary teachers who are displaced for the reasons stated in Colo. Rev.Stat. § 22–63–202(2)(c.5)(VII)?

(2) Is a nonprobationary teacher, not dismissed but instead placed on unpaid leave under Colo.Rev.Stat. § 22–63–202(2)(c.5)(IV), deprived of a state property interest in salary and benefits?

The resolution of these questions of Colorado law will likely control the outcome of this appeal. There does not appear to be any controlling Colorado law addressing these issues.

## I

Linda Johnson has been employed by School District No. 1 (the "District") since 1991.[1] In June 2008, the District issued a

ue consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.
1. Because this case comes to us following the grant of a Fed.R.Civ.P. 12(b)(6) motion to dismiss, we draw the following facts from

written recommendation to dismiss Johnson from her employment as a teacher at Godsman Elementary School. Johnson was a nonprobationary teacher at that time. Following an evidentiary hearing, an administrative law judge recommended that Johnson be retained. In January 2009, the District Board of Education entered a written order retaining Johnson as a teacher on a one-year probationary period.

Johnson returned to work shortly before the end of the 2008–09 school year. She was assigned to one-year positions at Gust Elementary School for the 2009–10 and 2010–11 school years. Johnson was unable to obtain a permanent position through the District's school-based hiring process in 2011, and was assigned to another temporary position, this time at Greenwood Elementary School, for the 2011–12 school year. She again failed to obtain a permanent position in 2012. The District placed Johnson on unpaid leave effective September 1, 2012.

Johnson filed suit against the District and the District Board of Education alleging that defendants violated the Teacher Employment, Compensation, and Dismissal Act ("TECDA") and thus breached her contract by terminating her salary and benefits without following the dismissal process to which nonprobationary teachers are entitled. She also alleged that the defendants' actions violated her due process rights.[2]

The district court granted defendants' motion to dismiss Johnson's contract and due process claims, and later denied Johnson's motion for reconsideration. It concluded that the District was authorized to place Johnson on indefinite unpaid leave pursuant to Colo.Rev.Stat. § 22–63–202(2)(c.5)(IV), which states:

> If a nonprobationary teacher is unable to secure a mutual consent assignment at a school of the school district after twelve months or two hiring cycles, whichever period is longer, the school district shall place the teacher on unpaid leave until such time as the teacher is able to secure an assignment.

*Id.* The district court further concluded that Johnson had not been deprived of a property interest because she was not terminated, but merely placed on unpaid leave pursuant to this enactment.

The "mutual consent" provision was added to TECDA as part of Colorado Senate Bill 10–191. *See* An Act Concerning Ensuring Quality Instruction Through Educator Effectiveness, 2010 Colo. Sess. Laws 1053, 1072. As explained in another portion of subsection (c.5), the General Assembly enacted this set of amendments after determining that, "for the fair evaluation of a principal based on the demonstrated effectiveness of his or her teachers, the principal needs the ability to select teachers." § 22–63–202(2)(c.5)(I). Accordingly, "a teacher may be assigned to a particular school only with the consent of the hiring principal." *Id.; see also* § 22–63–206(5) ("All transfers to positions at other schools of the school district shall require the consent of the receiving school.").

Johnson points to the final provision of the subsection, which states: "This paragraph (c.5) shall apply to any teacher who is displaced as a result of drop in enrollment; turnaround; phase-out; reduction in program; or reduction in building, in-

---

Johnson's second amended complaint. *See Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir.2013).

**2.** In addition, Johnson brought a First Amendment claim that is not at issue in this appeal.

cluding closure, consolidation, or reconstitution." § 22–63–202(2)(c.5)(VII). Citing the expressio unius exclusio alterius canon of interpretation, Johnson argues that subsection (c.5) applies *only* to teachers displaced from their positions for the reasons listed in (c.5)(VII). *See Beeghly v. Mack*, 20 P.3d 610, 613 (Colo.2001) ("Under the rule of interpretation expressio unius exclusio alterius, the inclusion of certain items implies the exclusion of others."). And because Johnson alleged that she was not displaced for one of the listed reasons, she contends subsection (c.5) cannot be applied to her.[3]

Both parties argue that their adversary's position would render other provisions of the statute superfluous. *See Montes–Rodriguez v. Colorado*, 241 P.3d 924, 927 (Colo.2010) ("We avoid interpretations that would render any words or phrases superfluous or would lead to illogical or absurd results."). The District argues, and the district court concluded, that the notice provision in subsection (c.5) would contain redundant language if Johnson's proposed construction were correct. *See* § 22–63–202(c.5)(III)(B) ("When a determination is made that a nonprobationary teacher's services are no longer required for the reasons set forth in subparagraph (VII) of this paragraph (c.5), the nonprobationary teacher shall be notified of his or her removal from the school."). The District further contends that statutory language requiring "[a]ll transfers to positions at other schools of the school district shall require the consent of the receiving school," § 22–63–206(5), is irreconcilable with Johnson's position. Johnson counters that the District's interpretation of subsection (c.5) undermines the carefully crafted protections

afforded to nonprobationary teachers under TECDA by permitting school districts to place any teacher on indefinite unpaid leave regardless of cause or effectiveness. *See* § 22–63–302(2) (setting forth procedures for terminating a nonprobationary teacher for cause); § 22–63–103(7) (allowing for teachers to lose nonprobationary status after two consecutive years of demonstrated ineffectiveness).

Having reviewed the parties' filings, it appears that Colorado state courts have not ruled on the proper interpretation of subsection (c.5) or decided whether a nonprobationary teacher placed on unpaid leave under that provision has been deprived of a property interest. We admit to facing some difficulty in interpreting "the entire statutory scheme to give consistent, harmonious, and sensible effect to all parts." *Denver Post Corp. v. Ritter*, 255 P.3d 1083, 1089 (Colo.2011). We further note that resolving the issues presented may have far-reaching consequences for teachers and school districts in Colorado.

## II

In light of the lack of precedent on point, and in furtherance of comity and federalism, we conclude the Colorado Supreme Court should have the opportunity to answer these important questions in the first instance. We recognize the discretion of the Colorado Supreme Court to reformulate the questions posed.

The Clerk of this court is directed to transmit a copy of this certification to counsel for all parties to the proceedings in this court. The Clerk shall also submit to the Clerk of the Colorado Supreme Court a copy of this certification order, together

---

**3.** We reject the District's contention that Johnson is bound by a finding that she was displaced pursuant to a valid reduction in building. This argument suffers several de-

fects. Most importantly for our purposes in this order, the district court plainly made no such finding despite the District's selective quotation of the summary judgment ruling.

with copies of the briefs filed in this court, and either the original or a copy of the record as filed in this Court by the Clerk of the United States District Court for the District of Colorado. We greatly appreciate the consideration of this request.

We **GRANT** Johnson's motion to certify. This appeal is ordered **ABATED** pending resolution of the certified questions.