**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LISA M. JOHNSON,

     Plaintiff - Appellant,

v.

SCHOOL DISTRICT NO. 1 IN THE
COUNTY OF DENVER AND STATE OF
COLORADO; BOARD OF EDUCATION
OF SCHOOL DISTRICT NO. 1 IN THE
COUNTY OF DENVER AND STATE OF
COLORADO,

     Defendants - Appellees.

No. 14-1410
(D.C. No. 1:12-CV-02950-MSK-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Following the district court's dismissal of Lisa Johnson's complaint, we

certified two questions to the Colorado Supreme Court under Tenth Circuit Rule 27.1

and Colorado Appellate Rule 21.1:

> (1) Do the provisions of Colo. Rev. Stat. § 22-63-202(2)(c.5) apply to
> all nonprobationary teachers who are not employed in a "mutual
> consent" placement, or does subsection (c.5) govern only those
> nonprobationary teachers who are displaced for the reasons stated in
> Colo. Rev. Stat. § 22-63-202(2)(c.5)(VII)?

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(2) Is a nonprobationary teacher, not dismissed but instead placed on unpaid leave under Colo. Rev. Stat. § 22-63-202(2)(c.5)(IV), deprived of a state property interest in salary and benefits?

Johnson v. Sch. Dist. No. 1 in the Cty. of Denver & Colorado, 630 F. App'x 768, 769 (10th Cir. 2015) (unpublished).

The Colorado Supreme Court has now issued an opinion concluding: (1) subsection (c.5) applies to all nonprobationary teachers who are not employed in a mutual consent placement; and (2) nonprobationary teachers on unpaid leave do not possess a state property interest in salary and benefits. Johnson v. Sch. Dist. No. 1 in the Cty. of Denver, No. 15SA281, 2018 WL 1247086, at * 2, ___ P.3d ___ (Colo. Mar. 12, 2018). These answers resolve the appeal. See O'Brien v. Skinner, 414 U.S. 524, 531 (1974) (interpretation of a state statute by highest state court is binding on federal courts); Teigen v. Renfrow, 511 F.3d 1072, 1078-79 (10th Cir. 2007) (state law generally creates property interests protected by the Due Process Clause).

Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM** the district court's dismissal of Johnson's complaint.

Entered for the Court


Carlos F. Lucero
Circuit Judge